**Merwin Michael HILL, Petitioner—Appellant,**

v.

**Charles L. RYAN * and Terry Goddard, Respondents—Appellees.**

No. 09–15058.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2010.**

Filed Aug. 26, 2010.

Merwin Michael Hill, San Luis, AZ, pro se.

Katia Mehu, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Charles L. Ryan is substituted for his predecessor Dora B. Schriro as Director of the Arizona Department of Corrections. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

MEMORANDUM ***

Arizona state prisoner Merwin Michael Hill appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Hill contends that he received ineffective assistance of counsel rendering his guilty plea involuntary because his trial counsel failed to interview several witnesses before Hill pled guilty and his trial counsel failed to challenge the sufficiency of the State's evidence supporting the "serious physical injury" element of Hill's aggravated assault charge. However, the Arizona court's denial of Hill's claims was not an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *see also Hill v. Lockhart*, 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

